THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MARIA MORENO,<br><br>　　　　　Plaintiff,<br>v.<br><br>SONIC DRIVE-IN, MACH 1 FOODS, LLC, and BRAD STEPHENS.,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-0372-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff moves the court for alternative service under Federal Rule of Civil Procedure 4.[1] Plaintiff seeks to serve Defendants by "1) serving the manager at the Sandy, Utah location of Sonic Drive-In for all Defendants given herein and 2) by registered mail at the other addresses given herein."[2]

## BACKGROUND[3]

Plaintiff was employed by Defendant Sonic Drive-In for over 22 years and was most recently working as General Manager. Defendant Brad Stephens became Plaintiff's supervisor and after reporting some wage discrepancies, Plaintiff was terminated on January 22, 2024. Plaintiff alleges she was denied overtime pay, paid vacation, and paid time off despite regularly working more than 40 hours a week.

---

[1] ECF No. 4.

[2] Motion at 1.

[3] The background is based on Plaintiff's Complaint.

Plaintiff filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) and the Utah Antidiscrimination and Labor Division (UALD). After receiving a Notice of Right to Sue from the EEOC, this suit followed.

Plaintiff alleges Sonic Drive-In Restaurant and Defendants "appear not to have complied with Utah law because they do not appear to have a registered agent in Utah; thus, they cannot be served pursuant to normal Utah methods."[4] Accordingly, Plaintiff seeks alternative service by serving the manager at the Sandy, Utah location of Sonic Drive-In and by registered mail at the other addresses listed in Plaintiff's Motion.

## DISCUSSION

The Federal Rules of Civil Procedure provide that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[5] In this case, Plaintiff filed the Complaint in the District of Utah. Therefore, Utah law is applicable.

Rule 4 of the Utah Rules of Civil Procedure provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence ... or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[6] An "affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, …."[7] Additionally, Rule 4 states:

> If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise

---

[4] Motion at 1-2.

[5] Fed. R. Civ. P. 4(e)(1).

[6] Utah R. Civ. P. 4(d)(5)(A).

[7] *Id.*

the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.[8]

Here, Plaintiff fails to meet the necessary requirements for alternative service. There is no affidavit or declaration supporting the motion that sets forth the efforts made to identify, locate and serve Defendants. Plaintiff does include a "verification" section within the Motion that research was done regarding Defendants' locations. However, that is not enough.

Attached to Plaintiff's Motion is information regarding Defendants. This includes registered agent information and addresses. Doug Hall is listed as a registered agent with a few Utah addresses including a P.O. Box address. Although the process server informed Plaintiff that service cannot be effected at a P.O. Box address there is nothing before the court indicating that Plaintiff attempted service at the other Utah address listed for Doug Hall.[9]

In sum, the court finds Plaintiff has not demonstrated reasonable efforts to effect service and has failed to include the necessary affidavit or declaration supporting those efforts. The court therefore will deny the motion at this time.

## ORDER

Plaintiff's Motion for Alternative Service is DENIED.

DATED this 13 June 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[8] Utah R. Civ. P. 4(d)(5)(B).

[9] This address is listed as 66 East Cleveland Ave., Salt Lake City, Utah 84115. Plaintiff also lists the following address "9104 Hartly Pl, Ooltewah, UT, 37363" as an address for Mr. Hall. ECF 4-1 at 3. Ooltewah, however, is a city located in Tennessee not Utah. Perhaps this was a scrivener's error by Plaintiff. Yet, when seeking alternative service, these types of errors undermine a party's motion.